ESPRIU ROMAGOSA & Co. *v.* MATEO DE NODAL.—PEDRO DE NODAL, Opponent.

*The remedy given to third persons by opposition is limited to the cases specified in the Code of Practice. Such third persons may, as in a separate action, obtain an injunction and arrest the seizure of the property he claims, but he cannot assail the regularity of the plaintiffs proceeding against the defendant in the the seizure.*

APPEAL from the Fourth District Court of New Orleans, *Reynolds*, J. *Collins* and *Wooldridge*, for plaintiffs and appellants. *P. S. Biron*, for intervenor and appellee.

VOORHIES, J. This is an attachment suit, in which *Pedro de Nodal* filed an opposition, alleging that the Sheriff, at the instance of the plaintiffs, illegally seized and took into his possession, under the writ, the contents of store No. 135, on Royal street, property which he had purchased in good faith, and of which he was in possession previous to the seizure. That the attachment thus issued is illegal and void, and should be set aside, because the bond signed by *Puig, Mir & Co.*, a commercial firm in this city, is insufficient, as one partner cannot bind another on an attachment bond; that in consequence of the damage which he has sustained in his business, he has a right to question the validity of these proceedings. Subsequently a rule was taken by him to dissolve the attachment, on the ground of the insufficiency of the bond, as stated in his opposition. The rule was made absolute, and the plaintiffs appealed.

We think the Judge *a quo* erred. The remedy given to third persons by opposition is limited to the cases specified in the Code of Practice: 1st. "When the third person making the opposition pretends to be the owner of the thing which has been seized;" 2d. "When he contends that he has a privilege on the proceeds of the thing seized and sold." Art. 396.

Where the opposition has for its object to set aside the order of seizure as having been effected on property claimed by a third person, such opposition is considered as "a separate demand, distinct from the suit in which the order was granted." C. P. 398. Hence the opponent must be considered as a plaintiff in an action of revendication. In order to give effect to his demand, he may obtain an injunction, and thus arrest the seizure of his property. Ibid, 399. His right to assail the validity of proceedings in a suit in which his demand is considered separate and distinct, appears to us to be inadmissible. The object of a bond in attachment cases is to secure the payment of such damages as the defendant may recover from the plaintiff, resulting from the wrongful issuing of such attachment.

It is clear that the opponent can have no recourse on such bond to secure the payment of damages which he may have sustained in consequence of the illegal seizure of his property under the plaintiff's attachment. As this is a right which the law intended to secure to the defendant, consequently he alone can either waive it or insist upon it.

It is, therefore, ordered and decreed, that the judgment of the court below be avoided and reversed, and that the rule be dismissed at the appellee's costs in both courts.